UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN R.G. CANDLER,<br><br>         Plaintiff,<br><br>    v.<br><br>TAMALE, *et al.*,<br><br>         Defendants. | Case No. 1:26-cv-02575-CDB (PC)<br><br>FIRST SCREENING ORDER REQUIRING RESPONSE FROM PLAINTIFF<br><br>(Doc. 1)<br><br>**<u>30-DAY DEADLINE</u>**<br><br><u>Clerk of the Court to Send Civil Rights Complaint Form</u> |

Plaintiff Steven R.G. Candler ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff initiated this action with the filing of a complaint on April 6, 2026. (Doc. 1).

## I.      SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## II.    PLEADING REQUIREMENTS

### A.    Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks & citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Id*. (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of pro se prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal theories. *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled,"[1] and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

///

///

---

[1] *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks and citation omitted).

2

**B.      Linkage and Causation**

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under section 1983, a "plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *see Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation") (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71, 375-77 (1976)). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legal required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

**III.    DISCUSSION**

Plaintiff names as Defendants Tamale, Mata, Rodegies, Archaleta, and Margarita, whom he asserts are nurses at California Substance Abuse Treatment Facility ("SATF"). (Doc. 1 at 1-4).

**A.      Factual Allegations[2]**

Plaintiff's allegations are sparse. Plaintiff asserts that, after going to chow, he would stand in line at the medication line and when he would get to the medication window, the nurse would "call [him] a chow mo," ask him for the last digits of his prison identification number "just to make me say something like if that was not good [enough] for them [sic]." He asserts they would do this daily and "would lie" that he was failing to take his medication so that they would lower his medication dosages. Plaintiff states that he would become argumentative with the nurses at the

---

[2] The Court accepts Plaintiff's allegations in the complaint as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

window. *Id.* at 5.

**B.     Plaintiff's Claims**

Plaintiff asserts claims of cruel and unusual punishment under the Eighth Amendment of the U.S. Constitution and medical malpractice. *Id.* at 5.

In his prayer for relief, Plaintiff seeks compensatory and punitive damages totaling $400,000. *Id.* at 6.

The Court will analyze Plaintiff's claims in turn.

1.     Plaintiff Improperly Includes Duplicative Claims

First, an examination of Plaintiff's instant complaint and a review of the Court's docket reveals that the complaint herein includes claims duplicative of the complaint filed in *Steven R.G. Candler v. Jovan Bustos, et al.*, No. 1:25-cv-00345-CDB (hereinafter "*Candler I*").

"[A] duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit" may be dismissed as frivolous or malicious under section 1915(e). *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the 'comprehensive disposition of litigation.' " *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 692 (9th Cir. 2007) (citation omitted), *overruled on other grounds* by *Taylor v. Sturgell*, 553 U.S. 880, 904 (2008). To determine whether a claim is duplicative, courts use the test for claim preclusion. *Id.* at 688. "Thus, in assessing whether the second action is duplicative of the first, [courts] examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Id.* at 689 (citations omitted). A prisoner complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of 28 U.S.C. § 1915A. *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citing *Bailey*, 846 F.2d at 1021) (duplicative *in forma pauperis* complaint may be considered abusive and dismissed under 28 U.S.C. § 1915).

Here, Plaintiff's complaint repeats claims already pending before the Court in his prior action, *Candler I*. Plaintiff names as Defendants Tamale, Mata, Rodegies, Archaleta, and Margarita. Plaintiff asserts herein that he would stand in line at the medication line and the nurse

4

would "call [him] a chow mo." He states this would occur daily. Plaintiff does not connect any individuals or any of the Defendants to these actions. *See* (Doc. 1 at 5). Plaintiff asserts substantially similar claims in *Candler I. See* (*Candler I*, Docs. 1, 17). In *Candler I*, the undersigned issued findings and recommendations to dismiss the action for failure to state a claim, which are currently pending *de novo* review by the district judge. (*Candler I*, Doc. 20).

Plaintiff seeks the same or similar relief in both actions, namely compensatory and punitive damages. *See* (*Candler I*, Docs. 1, 17). Though the Defendants named herein differ from the defendants in *Candler I*, that Plaintiff now adds additional defendants in a subsequent action pleading the same allegations does not alter the analysis that said claims are duplicative. *See Simms v. Santa Rita Jail Med. Staff*, No. C04-0450VRW(PR), 2004 WL 316035, at *1 (N.D. Cal. Feb. 13, 2004) ("Because plaintiff raised the same allegations and claims raised herein in a prior pending prisoner complaint, the instant complaint is deemed duplicative and abusive under § 1915A. That plaintiff apparently adds additional defendants in this later-filed action does not compel a different result.") (citing *Bailey*, 846 F.2d at 1021); *Galdones v. Dep't of Pub. Safety*, No. 1:12-cv-00551 LEK, 2012 WL 5996714, at *9 (D. Haw. Nov. 29, 2012) (citing cases and finding that "[e]ven when the defendants are not identical, a court may dismiss a second suit as duplicative if the factual allegations are the same and the actions of the newly named defendants form a partial basis for the previous suit").

Thus, Plaintiff's claim that unnamed individuals would "call [him] a chow mo" are duplicative and subject to dismissal under the authority of 28 U.S.C. § 1915A. *See Seay v. California Dep't of Corr. and Rehab.*, No. 1:25-cv-000178-SAB (PC), 2025 WL 973949, at *2 (E.D. Cal. Apr. 1, 2025) ("Therefore, under the *Adams* test, when Sealy is disposed of 'as the thing adjudged,' it would have a preclusive effect 'regarding the matters at issue in the second suit,' which is the instant action. In these circumstances, this Court has previously held the cases to be duplicative.") (citing, *inter alia*, *Adams*, 487 F.3d at 689).

As the aforementioned claims are duplicative, it follows that Plaintiff fails to plead any claims of cruel and unusual punishment under the Eighth Amendment. Plaintiff is advised that, if he includes duplicative claims in any amended complaint, the undersigned will recommend

5

dismissal of the duplicative claims without leave to amend.

### 2. Eighth Amendment – Deliberate Indifference

#### a. *Governing Authority*

Prison officials violate the Eighth Amendment if they are "deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "A medical need is serious if failure to treat it will result in "'significant injury or the unnecessary and wanton infliction of pain."'" *Peralta v. Dillard*, 744 F.3d 1076, 1081-82 (9th Cir. 2014) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc)).

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must first "show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendants' response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett*, 439 F.3d at 1096).

As to the first prong, indications of a serious medical need "include the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation and internal quotation marks omitted); accord *Wilhelm*, 680 F.3d at 1122; *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc) ("Examples of serious medical needs include" an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain).

As to the second prong, deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" *Farmer*, 511 U.S. at 835 (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). Deliberate indifference is shown where a prison official "knows that inmates face a substantial risk of serious

6

harm and disregards that risk by failing to take reasonable measures to abate it." *Id*. at 847. In medical cases, this requires showing: (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. *Wilhelm*, 680 F.3d at 1122 (quoting *Jett*, 439 F.3d at 1096). "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." *Jett*, 439 F.3d at 1096 (citing *McGuckin*, 974 F.2d at 1060).

Deliberate indifference is a high legal standard. *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id*. at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id*. (quoting *Gibson v. Cnty. of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

To prevail on a deliberate indifference claim, a plaintiff must also show that harm resulted from a defendant's wrongful conduct. *Wilhelm*, 680 F.3d at 1122; *see Jett*, 439 F.3d at 1096; *Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002) (prisoner alleging deliberate indifference based on delay in treatment must show delay led to further injury).

b.    *Analysis*

As to the first prong, Plaintiff has not pled any facts that he has a serious medical need. Though Plaintiff pleads sparse allegations that unnamed individuals "would lie" that he was failing to take his medication so that they could lower his medication dosages, he does not set forth what this medication was for nor any facts setting forth whether the medication was related to a serious medical need. *See* (Doc. 1 at 5). However, even assuming Plaintiff did satisfy the first prong, he also fails to establish the second prong. Plaintiff does not plead facts showing that any Defendant knew that Plaintiff faced a substantial risk of serious harm as a result of his serious medical need and took some action, or failed to take some action, that constituted deliberate indifference to that need. Thus, Plaintiff has not asserted any facts to allege any Defendant violated his rights under any applicable legal theory. *See Richardson v. California Corr. Health Care Servs.*, No. 3:25-cv-

7

3416-JES-LR, 2026 WL 751425, at *3 (S.D. Cal. Mar. 17, 2026) ("Allegations of inadequate medical treatment, medical malpractice, or even gross negligence in diagnosing a medical condition by themselves do not rise to the level of an Eighth Amendment violation … If Plaintiff wishes to proceed with an Eighth Amendment deliberate indifference claim, he must set forth factual allegations which plausibly suggest a Defendant knew of and disregarded an excessive risk to his health and safety.") (citations omitted).

Liberally construing the allegations in the complaint, Plaintiff fails to plead a claim of deliberate indifference to medical needs under the Eighth Amendment. Plaintiff will be granted leave to amend his claims, assuming he can do so in good faith.

## IV.    CONCLUSION AND ORDER

For the reasons set forth above, the Court finds Plaintiff fails to plead any cognizable claims for relief. Because he may be able to cure the deficiencies as noted above regarding the claims of deliberate indifference, Plaintiff will be granted leave to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. *Lopez*, 203 F.3d at 1130.

The Clerk of the Court shall provide Plaintiff with a civil rights complaint form. If Plaintiff wishes to file a first amended complaint, any such amended complaint should be brief (Fed. R. Civ. P. 8(a)) but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights (*Iqbal*, 556 U.S. at 678-79). Although accepted as true, the "[f]actual allegation must be [sufficient] to raise a right to relief above the speculative level …" *Twombly*, 550 U.S. at 555 (citations omitted). Plaintiff may not change the nature of this suit by adding new, unrelated claims in any amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Alternatively, Plaintiff may file a notice of his intent to stand on the complaint as screened. If Plaintiff chooses to stand on his complaint, the undersigned will recommend that complaint be dismissed for failure to state a claim and for being duplicative of *Candler I.*

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, **any first amended complaint must be "complete in itself without reference to the prior or superseded**

8

**pleading."** Local Rule 220. Plaintiff must replead all facts and claims that he wishes the Court to consider in his first amended complaint and may not reference his initial complaint.

Accordingly, the Court **ORDERS** that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form; and,

2. **<u>Within 30 days</u>** from the date of service of this order, Plaintiff must:

   (a) File a first amended complaint curing the deficiencies identified by the Court in this order; *or*

   (b) In the alternative, file a notice of his intent to stand on the complaint as screened, subject to the undersigned recommending dismissal of the claims found non-cognizable and duplicative; *or*

   (c) In the event Plaintiff no longer wishes to proceed with this action, he may file a notice of voluntary dismissal.

**If Plaintiff fails to timely comply with this order, the undersigned will recommend that this action be dismissed for asserting duplicative claims, and for failure to obey the Court's orders, failure to prosecute, and failure to state a claim.**

IT IS SO ORDERED.

Dated:    **July 7, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

9